U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form.

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Kori Taylor | 07C6934 |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| Patrick Firman, et al. | S/C |

| SERVE ➡ | NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN |
|---|---|
| | **David Kirk, Classification Supervisor** |
| | ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code) |
| AT | L.C.S. Sheriff Adult Corr. Div. 20 S. County Street, Waukegan, IL 60079 |

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

| | |
|---|---|
| Hector Kori Taylor, L-115254<br>Lake-LCJ<br>P.O. Box 38<br>Waukegan, IL 60086 | Number of process to be served with this Form - 285 |
| | Number of parties to be served in this case |
| | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):*
Fold                                                                                         Fold

**F I L E D**

FEB 1 9 2008  YM

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| Signature of Attorney or other Originator requesting service on behalf of: | ☒ PLAINTIFF<br>☐ DEFENDANT | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| | | | 01-15-08 |

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only first USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | TD | Date |
|---|---|---|---|---|---|---|
| | 2 of 2 | No. 24 | No. 24 | | | 01-15-08 |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☒ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|---|
| Address *(complete only if different than shown above)*<br><br>NOT SERVED | Date of Service<br>2/8/08 | Time<br>1:55 ☒pm |
| | Signature of U.S. Marshal or Deputy | |

| Service Fee | Total Mileage Charges *(including endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| 96.00 | 40.74 | -0- | 136.74 | 0 | 136.74 | -0- |

REMARKS:

1 DUSM x 2 hours @ 84 miles round trip. JP

Officer @ Front window states that individual no longer works at this location. JP

| PRIOR EDITIONS MAY BE USED | **1. CLERK OF THE COURT** | FORM USM-285 (Rev. 12/15/80) |
|---|---|---|

Form AO-399 (Rev. 05/00)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
(DISTRICT)

## Waiver of Service of Summons

TO: **Kori Taylor**

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, **David Kirk** acknowledge receipt of your request that I waive

(DEFENDANT NAME)

service of summons in the action of **Kori Taylor vs. Patrick Firman, et al.**

(CAPTION OF ACTION)

which is case number **07C6934** in the United States District Court for the

(DOCKET NUMBER)

**Northern District of Illinois**

(DISTRICT)

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after **January 15, 2008**

(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____     _____
DATE                                          SIGNATURE

Printed/Typed Name: _____

As _____ of _____
TITLE                                    CORPORATE DEFENDANT

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown to its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO440 (REV. 10/93) Summons In a Civil Action

# United States District Court
### Northern District of Illinois

### SUMMONS IN A CIVIL ACTION

Kori Taylor
  Plaintiff

vs.

Patrick Firman et al
  Defendant

**CASE NUMBER**: 07cv6934

**JUDGE**: Norgle

**TO:**
David Kirk

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon plaintiff's attorney:

Name: Hector Kori Taylor,L-115254
Address: Lake - LCJ,P.O. Box 38
City: Waukegan, IL 60086
Telephone:

an answer to the complaint which is herewith served upon you, within **[20]** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael W. Dobbins, Clerk

By:  **LAKISHA C. WILLIAMS**
_____
        Deputy Clerk

Dated: 01/14/08

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me:^ | DATE |
|---|---|
| NAME OF SERVER (Print) | TITLE |

*Check one box below to indicate appropriate method of service:*

[ ]  Served personally upon the defendant.  Place where served:_____

_____

[ ]  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.  Name of person with whom the summons and complaint were left:
_____

[ ]  Returned unexecuted:_____

[ ]  Other (specify): _____

_____

_____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____

Date                              Signature of Server


_____

Address of Server


^As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES R. NORGLE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6934 | **DATE** | 1/9/2008 |
| **CASE TITLE** | Kori Taylor (#L-115254) vs. Patrick Firman, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#5] is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $8.92 from the plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Lake County Jail. On the court's own motion, the Lake County Jail is dismissed as a defendant pursuant to 28 U.S.C. § 1915(e)(2)(B). The clerk is directed to issue summonses for service on defendants Firman and Kirk by the U.S. Marshal. The clerk is further directed to send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■ [For further details see text below.]                                        Docketing to mail notices.

## STATEMENT

The plaintiff, a pretrial detainee at the Lake County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, jail officials, have violated the plaintiff's constitutional rights by placing (or keeping) him in disciplinary segregation without due process.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $8.92. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

**(CONTINUED)**

mjm

A TRUE COPY
MICHAEL W. DOBBINS
BY
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
DATE: 1-14-08

## STATEMENT (continued)

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the plaintiff has articulated a colorable federal cause of action. Although correctional officials have "considerable leeway" to punish a pretrial detainee for misconduct committed while in pretrial custody, that punishment can be imposed only after affording the detainee some sort of due process. *Rapier v. Harris*, 172 F.3d 999, 1004-1005 (7th Cir. 1999), *relying on Bell v. Wolfish*, 441 U.S. 520, 535 (1979). While a more fully developed record may establish either that the plaintiff's conditions are non-punitive or that he has been afforded due process, the defendants must respond to the complaint.

However, the complaint is dismissed on initial review as to the Lake County Jail. The jail is not itself a suable entity. *See, e.g., Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D. Ill. 1993); *Fergurson v. Cook County Jail*, No. 04 C 7087, 2004 WL 2967444, at *2 (N.D. Ill. Nov. 19, 2004) (Shadur, J.).

The clerk shall issue summonses forthwith and send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve defendants Firman and Kirk. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to former correctional employees who no longer can be found at the work address provided by the plaintiff, the Lake County Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondant. **The plaintiff is once again reminded that he must provide the original plus a judge's copy of every document filed.** In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on their behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

**FILED**

**JANUARY 9, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT



**RECEIVED**

DEC 1 0 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DEC 1 0 2007

Kori Taylor
_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

07cv6934
JUDGE NORGLE
MAG. JUDGE SCHENKIER

vs.

Patrick Firman
David Kirk
Lake County Jail
_____

_____

(Enter above the full name of ALL
defendants in this action, Do not
use "et al.")

Case No:_____
(To be supplied by the Clerk of this Court)

**CHECK ONE ONLY:**

✓          **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
            **U.S. Code** (state, county, or municipal defendants)

_____      **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE**
            **28 SECTION 1331 U.S. Code** (federal defendants)

_____      **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I.  **Plaintiff(s):**

    A.   Name: Kori Taylor

    B.   Date of Birth: December 22, 1984 (12·22·84)

    C   List all aliases: _____

    D.   Prisoner identification number: L115254

    E.   Place of present confinement: Lake County Jail

    F.   Address: P.O. Box 38, Waukegan, Illinois, 60079

(If there is more than one plaintiff, then each plaintiff must list his or her name, date of birth, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**

(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

    A.   Defendant: Patrich Fierman

         Title: Deputy of Corrections

         Place of Employment: Lake County Sheriff Correctional Division

    B.   Defendant: David Kiek

         Title: Classification Supervisor

         Place of Employment: Lake County Sheriff Adult Correctional Division

    C.   Defendant: Lake County Sheriff Adult Correctional Division

         Title: Robert H. Babcox Center

         Place of Employment: Lake County Jail

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2

Revised 5/2007

III.   List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A.   Name of case and docket number: Kari Tylon Taylor (Vs.) Officer Waterloo. (Case # 07CV6644)

B.   Approximate date of filing lawsuit: November 17th, 2007 (11·17·07)

C.   List all plaintiffs (if you had co-plaintiffs), including any aliases: (N/A)

D.   List all defendants: Officer Waterloo (6226), Officer Johnson (1994), Lake County Jail, Sergeant Nevarro, Lieutenant D. Watten, and Jennifer Witherspoon.

E.   Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): United States District Northern District of Illinois Eastern Division, (Cook County).

F.   Name of judge to whom case was assigned: (Judge Norgle / (Magistrate): Judge Schenkier)

G.   Basic claim made: Failure to provide safe, and humane treatment to inmate, and Cruel and Unusual Punishment.

H.   Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): These claims are still pending.

I.   Approximate date of disposition: November 26, 2007 (11·26·07)

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

3

Revised 5/2007

## IV.    Statement of Claim:

State here as briefly as possible the facts of your case.  Describe how each defendant is
involved, including names, dates, and places.  Do not give any legal arguments or cite any
cases or statutes.  If you intend to allege a number of related claims, number and set forth
each claim in a separate paragraph.  (Use as much space as you need.  Attach extra sheets if
necessary.)

The county of Lake along with the following
individuals and entity, in their official and individual
capacities failed to provide plantiff Kori Taylor
with a hearing for alleged violations of facility rules,
Patrick Firman (Deputy of Corrections) and David Kirk
(Classification Supervisor) This is a violation of my
fourth (4th) Amendment Right, which is Due Process.
On or about February 15, 2006 plantiff was scheduled
to be removed from the Punitive Segregation Unit for a
previous violation of Lake County Jail facility rules.
At approximately 2:30 on or about (2/15/06) plantiff
was informed that he would not be removed from
Punitive Segregation, even though his sentence
was completed, plantiff was detained in
Punitive Segregation until or about April 30, 2006
(4·30·06) This violates my 8th amendment right, (Cruel)
and Unusual Punishment, and also violates my Inmate
Rights, which are:

4

The Right to safe and humane treatment
given with respect impartiality and fairness, and
also violates my right to be informed of the rules
and procedures that directly effect me within
the facility.

(End of Complaint)

5

**V.     Relief:**

State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.

I want to be awarded with $1,000.00 (dollars) for each day spent in the Segragation Unit due to violations of my rights. I want to be awarded with $1,000,000 (dollars) for Cruel and Unusual Punishment, Pain and Suffering, Mental Anguish, Depression and Stress. Also $1,000,000 (dollars) in Punitive Damages, Lawyer and court Fees.

**VI.     The plaintiff demands that the case be tried by a jury.** ☐ YES   ☑ NO

**CERTIFICATION**

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief.  I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this __30th__ day of __November__, 20__07__

_____

(Signature of plaintiff or plaintiffs)

Kori Taylor
(Print name)

N 115254
(I.D. Number)

P.O. Box 38

Waukegan, Illinois  60079
(Address)

6

Revised 5/2007